## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| TEMITRUS GUNN, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | |
| CHILDREN'S HEALTHCARE OF ATLANTA, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## <u>COMPLAINT</u>

COMES NOW Plaintiff, Temitrus Gunn ("Plaintiff"), by and through her undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendant Children's Healthcare of Atlanta, Incorporated (hereinafter "Defendant" or "CHOA"), showing the following:

## I. <u>JURISDICTION AND VENUE</u>

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and II of this Complaint, which arise out of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").

2. This Court has personal jurisdiction over the parties because a substantial portion of the employment practices described herein were committed within the

Atlanta Division of the Northern District of Georgia.

3.      Plaintiff exhausted all administrative remedies in this matter. *Dismissal and Notice of Rights*, Ex. 1.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

5.      Plaintiff is a resident of Henry County in the State of Georgia, a citizen of the United States of America, and is subject to the jurisdiction of this Court.

6.      Defendant is a corporation registered to conduct business in the State of Georgia.

7.      The majority of the events plead herein occurred at the work site of Hughes Spalding Hospital at 35 Jesse Hill Drive SE, Atlanta, GA 30303.

8.      Defendant may be served by delivering a copy of the Complaint and Summons to its registered agent, CSC of Cobb County, Inc., 192 Anderson Street SE, Suite 125, Marietta, Georgia 30060.

9.      Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. FACTUAL ALLEGATIONS

10.     Defendant is now, and at all times relevant hereto, an employer subject to the ADA.

11.    At all times relevant to her claims, Plaintiff worked for Defendant as a Restriction Respiratory Therapist ("RRT").

12.    Plaintiff initially began her employment with CHOA in 2018.

13.    Prior to the events in question, Plaintiff received no poor performance reviews, disciplinary actions, or other indication of a poor performance.

14.    In 2019, Plaintiff requested a medical exemption from CHOA's influenza vaccination ("flu vaccine") requirement based on previous, severe allergic reactions such as anaphylaxis.

15.    Following this request, Plaintiff was subjected to unwarranted disciplinary action on November 5, 2019, when she was provided with a written warning.

16.    Upon information and belief, other RRTs who did not request medical exemptions were not disciplined for similar allegations regarding patient safety.

17.    Plaintiff provided medical documentation from her allergist regarding anaphylactic symptoms in response to past flu vaccines that prevented her from safely receiving the flu vaccine.

18.    Defendant required Plaintiff to obtain additional medical documentation from her obstetrician.

19.    Plaintiff expressed that she felt discriminated against and subjected to bullying in response to her requested exemption via email on November 27, 2019,

to Ms. Stephanie Sampson, Defendant Assistant Respiratory Manager, and Ms. Ashley Bennett, Defendant Manager of Employee Health.

20.     Plaintiff was eventually approved for a medical exemption from the flu vaccine.

21.     Following this approval, Plaintiff was subjected to unwarranted disciplinary action on July 12, 2020, when she was provided with a written warning.

22.     Upon information and belief, other RRTs who did not request medical exemptions were not disciplined for similar allegations regarding alleged violations of patient privacy practices.

23.     In 2020, Plaintiff was required to recertify her flu vaccine exemption.

24.     Following her recertification, Plaintiff was subjected to unwarranted disciplinary action on September 15, 2020, when she was provided notice of two alleged disciplinary actions that occurred in early September 2020.

25.     Plaintiff was not previously informed of the alleged underlying conduct.

26.     On September 16, 2020, Plaintiff became aware that Ms. Sampson was discussing her private health information with other staff members.

27.     On September 16, 2020, Plaintiff contacted Ms. Jensen Crista, Defendant Manager Respiratory Care, expressing that she felt discriminated against, retaliated against, and subjected to a hostile work environment.

28.     Plaintiff received no response to this communication.

29.     On November 7, 2020, Plaintiff was demoted to Pro Re Nata ("PRN") or as-needed status without reason.

30.     On or about January 5, 2021, Plaintiff followed Defendant policy to call out of work based on exhibited COVID-19 symptoms, a positive COVID-19 test, and the requirement that Plaintiff quarantine.

31.     Plaintiff was instructed by management to remain out of work until she was free from COVID-19 symptoms for twenty-four hours.

32.     Plaintiff subsequently called out January 5, 2021, January 10, 2021, January 12, 2021, and January 13, 2021.

33.     Plaintiff was symptom-free and set to return on her next scheduled shift on January 19, 2021.

34.     On January 19, 2021, Plaintiff was terminated for alleged violation of the time and attendance policy.

35.     Plaintiff filed a claim with the EEOC, Charge Number 410-2021-03356.

36.     Plaintiff received her Dismissal and Notice of Rights from the EEOC, dated June 29, 2022. *Dismissal and Notice of Rights*, Ex. 1.

## IV. CLAIMS FOR RELIEF

## COUNT I: ADA DISCRIMINATION

37.   Plaintiff incorporates by reference paragraphs all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

38.   Plaintiff is a qualified individual with a disability or, alternatively, perceived as disabled.

39.   Defendant was aware of Plaintiff's disability or, alternatively, perceived Plaintiff as disabled.

40.   Plaintiff requested accommodations pursuant to the ADA based on her disability.

41.   Following her requests for accommodations, Plaintiff was subjected to unwarranted disciplinary actions.

42.   Following these requests, Plaintiff was held to different standards than her non-disabled peers.

43.   Following these requests, Plaintiff was demoted to PRN status without reason.

44.   Following these requests, Plaintiff was terminated for attendance policy violations that non-disabled RRTs committed without discipline.

45.   Defendant has no legitimate business reasons for the adverse actions against

Plaintiff.

## <u>COUNT II: ADA RETALIATION</u>

46.  Plaintiff incorporates by reference paragraphs all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

47.  Plaintiff's requests for accommodations constitute protected activities pursuant to the ADA.

48.  Plaintiff's complaints of disability discrimination to Defendant in September 2020 constitute protected activities pursuant to the ADA.

49.  Defendant had knowledge of Plaintiff's protected activities.

50.  Plaintiff's termination constitutes an adverse action pursuant to the ADA.

51.  The close temporal proximity of the protected activities and adverse actions demonstrates causation.

52.  Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. That judgment be entered against Defendant on all claims;

c. Actual and compensatory damages;

d. Punitive and liquidated damages based on Defendant's willful, malicious, intentional, and deliberate acts;

e. Reasonable attorney fees and expenses of litigation;

f. Prejudgment interest at the rate allowed by law;

g. Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

h. Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

i. Any other relief this Court deems proper and just.

Respectfully submitted this 27th day of September, 2022.

THE KIRBY G. SMITH LAW FIRM, LLC

s/Rachel B. Canfield
Rachel B. Canfield
Georgia Bar No. 488716
Kirby G. Smith
Georgia Bar No. 250119
*Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
rbc@kirbygsmith.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 27th day of September, 2022.

THE KIRBY G. SMITH LAW FIRM, LLC

s/Rachel B. Canfield

Rachel B. Canfield
Georgia Bar No. 488716
Kirby G. Smith
Georgia Bar No. 250119
*Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
rbc@kirbygsmith.com